IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARL TATE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:16-CV-92-NJR-DGW |
| | ) |
| WEXFORD HEALTH SOURCES, INC., | ) |
| LOUIS SCHICKER, MELVIN HINTON, | ) |
| JOHN BALDWIN, MARTINETTE | ) |
| DOUGLAS, VENERIO SANTOS, and | ) |
| MARK AARON, | ) |
| | ) |
| Defendants. | ) |

# ORDER

**ROSENSTENGEL, District Judge:**

Now pending before the Court is the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 122), which recommends denying the Motion for Temporary Restraining Order filed by Plaintiff Carl Tate on February 23, 2017 (Doc. 94). For the following reasons, the Court adopts the Report and Recommendation.

On December 7, 2015, Tate, an inmate in the Illinois Department of Corrections, initiated this action pursuant to 42 U.S.C. § 1983 alleging she has been denied proper medical and mental health care for gender dysphoria. On February 23, 2017, Tate filed the present motion requesting an "order for examination by mental health, temporary restraining order, or preliminary injunction." (Doc. 94). Tate claims being single-celled in segregation has caused her severe mental health complications, that harassment by other

inmates has caused her anxiety and panic attacks, and that she has recently attempted suicide. Tate requests removal from segregation, as well as an evaluation by an outside mental health professional trained in gender dysphoria.

Magistrate Judge Wilkerson held a hearing on Tate's motion on March 30, 2017. At the hearing, Tate testified that her mental health issues, including suicidal thoughts, are exacerbated when she is confined to segregation, as well as when she is assigned to a single cell (Doc. 118, pp. 5-6). Tate further testified that she wants to take hormone therapy pills, but that she was being harassed and sexually assaulted and felt like she had no choice but to discontinue using them (*Id.*, p. 7). Tate did acknowledge, however, that prison officials are working to find her an appropriate cellmate. Tate also admitted that, since filing the instant motion, staff at Shawnee Correctional Center (where Tate is currently housed) temporarily placed her on crisis watch, and she was released from segregation.

Christine Hammersley, a social worker at Shawnee, also testified at the hearing. Hammersley verified that prison officials were working to find Tate a cellmate and that hormone therapy medication could be brought to Tate's cell rather than distributed in the prison pill line. She also testified that Tate goes to therapy every Sunday to address her underlying issues and to get her accustomed to Shawnee (*Id.*, pp. 26-35).

On May 24, 2017, Magistrate Judge Donald G. Wilkerson issued the Report and Recommendation currently before the Court (Doc. 122). Construing the motion for temporary restraining order as a motion for preliminary injunction, Magistrate Judge Wilkerson first noted that Tate had been released from segregation. Thus, her request to

be removed from segregation is moot. Magistrate Judge Wilkerson then found that appropriate steps are being taken to find Tate a suitable cellmate, that Tate has indicated she is not suicidal, and that, at the time of the hearing, Tate testified she was in a "better place." Based on these facts, Magistrate Judge Wilkerson found Tate is not in imminent danger and, therefore, not entitled to the drastic remedy of a preliminary injunction regarding her request for an outside mental health evaluation. Objections to the Report and Recommendation were due on or before June 7, 2017. *See* 28 U.S.C. § 626(b)(1); FED. R. CIV. P. 72(b)(2); SDIL-LR73.1(b). No objections were filed.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). Where neither timely nor specific objections to the Report and Recommendation are made, however, this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court has carefully reviewed Tate's motion, the transcript from the hearing, and Magistrate Judge Wilkerson's Report and Recommendation. Following this review, the Court fully agrees with the findings, analysis, and conclusions of Magistrate Judge Wilkerson and finds no clear error. Tate has not sufficiently demonstrated that she will

suffer imminent, irreparable harm absent preliminary injunctive relief when she is no longer in segregation, the prison is in the process of finding her a cellmate, and her mental health concerns are being addressed by the prison.

Accordingly, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 122) in its entirety and **DENIES** Plaintiff Carl Tate's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 94).

**IT IS SO ORDERED.**

**DATED:  June 21, 2017**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**