IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| *CARL TATE,* <br>         Plaintiff, <br> v. <br> *WEXFORD HEALTH SOURCES, INC., ET AL.,* <br>         Defendants. | Cause No. 3:16-cv-00092-NJR-DGW |

## PROTECTIVE ORDER

COME NOW Defendants Wexford Health Sources, Inc., Venerio Santos, Martinette Douglas (the "Wexford Defendants") and seek entry of a Protective Order relative to Wexford's policies, procedures, protocols and other internal, confidential documents produced in response to Plaintiff's discovery requests. A Protective Order is necessary and appropriate pursuant to the terms of Rule 26(c) of the Federal Rules of Civil Procedure to protect the proprietary nature of the documents sought and to maintain institutional security. Counsel for Plaintiff and counsel for the IDOC Defendants have consented to this Order. The Court, being fully advised in the premises, it is hereby ordered:

1. Copies of the documents the Wexford Defendants in this action in response to Plaintiff's discovery requests that are stamped with the phrase "Confidential and Subject to Protective Order" (the "protected documents") shall be protected and given confidential treatment as described in this Order.

2. Plaintiff's counsel can obtain a copy of such documents but must comply with all other provisions herein. Plaintiff's counsel may discuss the content of the documents with Plaintiff, but may not provide Plaintiff with copies of the documents.

3. Counsel for the co-Defendants can obtain a copy of such documents but must comply with all other provisions herein. Co-defendant's counsel may discuss the documents with Defendants, but may not provide Defendants with copies of the documents.

4. These protected documents shall be maintained in confidence by counsel and shall not be disclosed to any person except:

    a. This Court and its officers;

    b. Stenographic reporters;

    c. Counsel for Defendants;

    d. Employees of counsel; and

    e. Experts retained in this litigation.

5. Except as otherwise provided by this Order or by further order of the Court, the protected documents shall be used for no purpose other than prosecuting or defending the above-captioned proceeding and shall be disclosed in the manner provided in and only to the persons identified in Paragraphs 2-4, and they shall not be used in any other civil case, criminal case, litigation, or matter.

6. Individuals or entities permitted access to protected documents pursuant to Paragraphs 2-4 above are hereby ordered not to show, convey or reproduce any information or document so designated, or parts thereof, or copies thereof, or any matter contained therein, or any abstracts or summaries thereof, to any individual or to any entity who would not otherwise have access to said material under the provisions of this order, unless they secure the written consent of the designating party or obtain permission from this Court, upon motion and with notice to all parties.

7. Any party may apply to the Court for relief from, or modification of, this Order.

8. After the production of protected documents, counsel for the Plaintiff may challenge the Confidential designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the protected documents. If the parties are unable to reach an agreement as to the designation of the document, the parties are entitled to request that the Court determine whether the document is properly designated as Confidential.

9. This Order is without prejudice to the rights of any party to object to the production of documents or information that it considers to be privileged, irrelevant or immaterial, and shall not be considered a waiver of any applicable privilege or immunity from discovery or as a concession by the designated party that such information is relevant or material to any issue.

10. This Order shall not prevent any of the protected documents from being used by the Court or counsel of record at any trial or other proceeding in this action only, subject to such confidentiality provisions as the Court may then prescribe.

11. Following the termination of this litigation, whether by final judgment and appeal or by settlement, the parties shall destroy or return the protected documents, unless counsel are bound to preserve their client files for a required number of years by law or other, pre-existing contractual obligations.

12. This Protective Order shall remain in full force and effect after the termination of this litigation, or until canceled, vacated or otherwise modified by order of this Court. Anyone with knowledge of the contents of this order shall be bound by its terms.

13. In the event that any party wishes to file a document or information under seal, that party must first file a motion in advance seeking to file the document[s] or information under seal (With the limited exception of information covered by Local Rule 5.1(d)). When filing the motion to seal, the party will contemporaneously submit the document[s] or information in

question to the Court for *in camera* review. The Court will then make an individualized determination of whether any such document[s] or information can be filed under seal. *See Citizens First National Bank v. Cincinnati Ins. Co.*, 178 F.3d 943 (7th Cir. 1999); *Baxter Int., Inc. v. Abbot Labs.* 297 F.3d 544 (7th Cir. 2002); *Bond v. Utreras,* 585 F.3d 1061, 1073 - 76 (7th Cir. 2009).

**DATED: April 10, 2018**

**DONALD G. WILKERSON**
**United States Magistrate Judge**