# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CARL TATE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16-cv-92 |
| | ) | |
| WEXFORD HEALTH SERVICES, INC., | ) | Judge Nancy J. Rosenstengel |
| *et al.*, | ) | Magistrate Judge Mark A. Beatty |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION TO CONSOLIDATE

Plaintiff Carl "Tay Tay" Tate, by her undersigned attorneys, respectfully moves this Court to consolidate the above-captioned action with *Tay Tay v. Baldwin, et al.*, No. 19-cv-501 (S.D. Ill. filed May 14, 2019) ("*Tay Tay* Litigation"), which is also currently pending before this Court. In support, Plaintiff states:

1. Plaintiff is a transgender woman prisoner who has been housed at various men's prison since entering the Illinois Department of Corrections ("IDOC") where her constitutional rights have been violated. In the instant case, Plaintiff alleges, *inter alia*, that IDOC staff and Wexford staff failed to provide her with adequate medical care to treat her gender dysphoria and related mental health diagnoses and failed to protect her from harm resulting from her status as a transgender woman. Plaintiff initially filed the instant case pro se on January 26, 2016, and has since had a number of appointed attorneys assigned to her case. Plaintiff recently retained undersigned counsel, who entered their appearance in this matter on June 17, 2019.

2. With the assistance of undersigned counsel, Plaintiff filed the *Tay Tay* Litigation on May 14, 2019. The *Tay Tay* Litigation is based on many of the same underling facts of the instant case and makes similar allegations. In the *Tay Tay* Complaint, Plaintiff includes

1

additional, more recent facts and alleges, *inter alia*, that IDOC staff have discriminated against her on the basis of her gender identity and have failed to protect her from harm she faces from both prison staff and other prisoners because she is a transgender woman in a men's prison.

3. Because Plaintiff is facing irreparable harm living as a transgender woman in a men's prison, simultaneous with the *Tay Tay* Complaint, Plaintiff filed a Motion and Memorandum in Support of a Preliminary Injunction, requesting an order from the Court enjoining the IDOC Director in his official capacity to: 1) transfer Plaintiff to Logan Correctional Center, a women's prison; and 2) ensure that Plaintiff is protected from sexual abuse and harassment at the hands of both IDOC staff and other prisoners. The Court scheduled a hearing on Plaintiff's motion for a preliminary injunction for July 29, 2019.

4. On June 17, 2019, Plaintiff filed a Motion and Memorandum in Support of a Preliminary Injunction in the instant case, requesting an order from the Court enjoining the Defendants to ensure that Plaintiff receives adequate medical care for her gender dysphoria and related mental health diagnoses.

5. Given that these two actions involve common questions of fact and law as well as many of the same actors, consolidation is appropriate to avoid unnecessary costs and delay.

6. Federal Rule of Civil Procedure 42(a) states, in relevant part: "If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." This Rule was designed and intended to encourage consolidation as a matter of judicial convenience and economy. *United States v. Knauer*, 149 F.2d 519, 520 (7th Cir. 1945). Courts may therefore exercise broad discretion in the consolidation of cases. *Hall v. Hall*, 138 S.Ct. 1118, 1131 (2018).

7.      Here, the actions at issue involve not just one, but numerous common questions of law and fact.  Some of the common questions of law and fact include:

- Does Plaintiff's status as a transgender woman in a men's prison create a substantial risk of harm?

- Have the Defendants failed to take reasonable measures to protect Plaintiff from a substantial risk of harm that was known to the Defendants?

- Do the Defendants continue to implement unconstitutional policies and practices that place Plaintiff at a significant risk of harm?

- Is Plaintiff a qualified person with a mental disability and have the Defendants discriminated against her on the basis of her disability?

8.      It is true that the legal theories to each lawsuit are not identical.  The two cases differ in that the instant case focuses on the Defendants' failures to provide Plaintiff with adequate medical care for her gender dysphoria and related mental health diagnoses, while the *Tay Tay* Litigation focuses on the Defendants' failure to protect Plaintiff and appropriately house her in accordance with her gender identity.  However, even though the claims are distinct, there is a sufficient factual nexus between the claims.  Underling both claims is the fact that the Defendants' failures to adequately treat Plaintiff's gender dysphoria and properly recognize her as a transgender woman have increased her vulnerability in the men's prisons and put her at a substantial risk of harm.  The inquiry of where Plaintiff should be properly housed is intertwined with the inquiry of what is the appropriate treatment for her gender dysphoria.

9.      Thus, the injunctive relief Plaintiff seeks in both cases is connected.  Indeed, the injunctive relief Plaintiff seeks in the instant case (proper treatment for her gender dysphoria) is encompassed by the injunctive relief she seeks in the *Tay Tay* Litigation (transfer to the women's prison).  Plaintiff seeks transfer to a women's prison so that her gender dysphoria can be adequately treated and she can be protected from the harm she currently faces.  The hearing on

Plaintiff's motion for a preliminary injunction in the *Tay Tay* Litigation is already scheduled for July 29, 2019.  As the issues in both Plaintiff's motion for a preliminary injunction in the *Tay Tay* Litigation and her motion for a preliminary injunction in the instant case overlap, it only makes sense that those issues be decided in one hearing.  To hold two separate hearings would waste judicial resources.  *See Lisle v. Goldman*, No. 18-cv-1737-NJR, No. 18-cv-2052-NJR, 2018 WL 6267775, at *4 (S.D. Ill. Nov. 30, 2018) (consolidating two cases filed by a prisoner raising claims related to his placement in suicide watch where there was a "duplicate request for a TRO in each case" and there were multiple overlapping defendants and similar legal and factual issues).

10.   Finally, the fact that the instant case has been pending for a number of years should not weigh against consolidation.  Due to the instant case being filed pro se and then having a number of appointed attorneys, the discovery process was delayed.  Indeed, no depositions other than the Plaintiff's have been taken.  The two cases are therefore at comparable stages of discovery.  Undersigned counsel will ask for leave of the Court to amend the scheduling order in the instant case so as to conduct the necessary depositions of the Defendants as well a number of other witnesses, including Plaintiff's providers and their respective supervisors—depositions that are required especially to litigate Plaintiff's damages claims.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff's Motion to Consolidate.

Respectfully submitted,

**CARL "TAY TAY" TATE**

By: /s/ Vanessa del Valle
     One of her attorneys

Sheila A. Bedi

Vanessa del Valle
Roderick and Solange MacArthur Justice Center
Northwestern Pritzker School of Law
375 East Chicago Avenue
Chicago, IL 60611
(312) 503-1271
sheila.bedi@law.northwestern.edu
vanessa.delvalle@law.northwestern.edu

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that she served the foregoing document upon all persons who have filed appearances in this case via the Court's CM/ECF system on June 17, 2019.

/s/ Vanessa del Valle