IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARL TATE, | |
| **Plaintiff,** | |
| v. | **Case No. 3:16-CV-92-NJR-MAB** |
| WEXFORD HEALTH SOURCES, INC., LOUIS SHICKER, MELVIN HINTON, JOHN BALDWIN, MARTINETTE DOUGLAS, VENERIO SANTOS, MARK AARON, SHANE REISTER, MICHAEL DEMPSEY, JEFF DENNISON, CHRISTOPHER BAILEY, and DALE CRAWFORD, | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Motion to Consolidate filed by Plaintiff Carl "Tay Tay" Tate (Doc. 255). Tate seeks to consolidate this case with *Tay Tay v. Baldwin*, No. 19-CV-501-NJR-MAB. Although the two cases are based on distinct legal theories, Tate argues there is a sufficient factual nexus between the claims in that both cases are based on Defendants' failure to adequately treat her gender dysphoria and recognize her as a transgender woman. Accordingly, consolidation is appropriate to avoid unnecessary costs and delay.

The IDOC Defendants object to consolidation, arguing that the two cases contain different allegations against different Defendants for actions that occurred years apart (Doc. 260). Moreover, the cases are in varying stages of litigation, considering discovery

is complete in this case, and dispositive motions were due August 12, 2019.[1] In contrast, responsive pleadings in the *Tay Tay* case are not even due yet. The IDOC Defendants assert they will be prejudiced if Tate is permitted to conduct further discovery in this case months after the passage of the fact discovery deadline.

The Wexford Defendants also oppose consolidation (Doc. 262). They argue that the claims in the two cases are based on separate facts, seek different relief, and are against different Defendants. In fact, they argue, there are no Wexford Defendants in the *Tay Tay* case. Furthermore, while Tate claims that the two cases are at comparable stages of discovery due to delays in this case, the Wexford Defendants note that Tate adequately represented herself through summary judgment on exhaustion and was zealously represented by two appointed attorneys. Any delay in the case is more likely due to Plaintiff amending the complaint three times—and being denied leave to amend a fourth and fifth time to add more counts and more parties. Because the *Tay Tay* case involves new issues, defendants, and causes of action that are irrelevant to the allegations and time period in this case, they argue, the cases should not be consolidated.

Under Rule 42(a) of the Federal Rules of Civil Procedure, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions, or (3) issue any other orders to avoid unnecessary cost or delay." FED. R. CIV. P. 42(a). District judges exercise broad discretion in determining whether cases should be consolidated. *Canedy v.*

---

[1] Defendants filed a joint motion for extension of time to file dispositive motions, which is pending as of the date of this Order (Doc. 283).

*Boardman*, 16 F.3d 183, 185 (7th Cir. 1994). Consolidation of cases may not be appropriate when the cases involve claims related to different time periods. *See King v. Gen. Elec. Co.*, 960 F.2d 617, 626 (7th Cir. 1992) ("We conclude, because of the different allegations and time frames, the district court abused its discretion by consolidating these actions.").

The Court does not find consolidation of the actions appropriate here. This case centers on Tate's claims that Defendants failed to provide adequate medical care with regard to her gender dysphoria and mental health needs while she was housed at Western, Centralia, and Shawnee correctional centers. She also alleges Defendants failed to protect her from harassment and assault by other inmates, as well as Defendants Bailey and Crawford, while she was incarcerated at Centralia (Doc. 182).

In *Tay Tay*, however, she alleges a different set of IDOC defendants (with the exception of Warden Jeff Dennison): violated her constitutional rights and the ADA by discriminating against her, failing to protect her as a transgender woman in a men's prison, and refusing to transfer her to a women's prison; violated the Due Process Clause by involuntarily transferring her to Elgin in 2019 without a hearing; retaliated against her protected First Amendment activity by requiring her to go to Menard in 2019 to appear at her hearing and by transferring her to Elgin; maintained unconstitutional policies, practices, and customs related to transgender prisoners; and intentionally inflicted emotional distress (Doc. 64).

While there is some overlap with regard to the general background of these two cases, *i.e.*, both are related to Tate's gender dysphoria, the facts underlying Tate's actual claims are different. Moreover, this case was filed more than three years ago against

Defendants who are not part of the *Tay Tay* litigation. Prolonging this case against them—especially the Wexford Defendants—would be prejudicial, cause unfair delay, and require them to expend additional resources on a case in which they are not involved. The Court agrees with the Wexford Defendants: "at some point a case must be allowed to resolve." (Doc. 262).

For these reasons, the Motion to Consolidate filed by Plaintiff (Doc. 255) is **DENIED**. Because both cases generally result from Plaintiff's gender dysphoria diagnosis, however, the Court has joined the motion for preliminary injunction pending in each case for a hearing at **9 a.m.** on **September 25, 2019**.

IT IS SO ORDERED.

DATED:   September 6, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**